**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————

**No. 06-4291**

————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHRISTOPHER LARONN BROWN,

Defendant - Appellant.

————————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. Frank W. Bullock, Jr., Senior District Judge. (1:04-cr-00095-FWB)

————————

Submitted: September 8, 2006        Decided: October 23, 2006

————————

Before WILKINSON, NIEMEYER, and MICHAEL, Circuit Judges.

————————

Affirmed by unpublished per curiam opinion.

————————

Lisa S. Costner, LISA S. COSTNER, P.A., Winston-Salem, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Robert A. J. Lang, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Christopher Laronn Brown appeals the sentence imposed after we affirmed his conviction, vacated the sentence and remanded to the district court for resentencing. Brown contends the district court erred by enhancing his sentence based on facts not found by the jury or admitted by him. Finding no error, we affirm.

Brown's sentence was vacated and remanded because the district court used the guidelines in a mandatory fashion. The sentence was not imposed in accordance with the rules announced in United States v. Booker, 543 U.S. 220 (2005). At resentencing, the district court properly calculated the guidelines range of imprisonment, considered the statutory sentencing factors under 18 U.S.C. § 3553(a) (2000), and imposed a sentence within the guidelines range of imprisonment.

We review a sentence to determine whether it was within the statutory range of imprisonment and reasonable. United States v. Moreland, 437 F.3d 424, 433 (4th Cir. 2006). Post-Booker, the district court is still required to consider the sentencing guidelines range of imprisonment and the pertinent policy statements of the Sentencing Commission. The court is also required to consider the factors under § 3553(a). Id. at 432. The court determines the appropriate guidelines range of imprisonment by making factual findings. Id. A sentence that falls within the

properly calculated range of imprisonment is entitled to a presumption of reasonableness.  <u>Id.</u> at 433.

We find the sentence reasonable.  Accordingly, we affirm the sentence.  We deny Brown's motion to dismiss counsel and appoint new counsel.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>